UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Galo Morocho; Jose Estrada and Luis Zambrano, | x<br>: Civil Action No.<br>: |
| Plaintiffs, | : |
| - against - | :<br>: **FLSA COMPLAINT** |
| New Broad Street Automotive, Inc.; and Michael Masi, | :<br>: |
| | : **Jury Trial Demanded** |
| Defendants. | :<br>x |

Plaintiffs Galo Morocho; Jose Estrada and Luis Zambrano (collectively, the "Plaintiffs"), by and through their attorney, Mohammed Gangat, Esq., file this Complaint against defendants New Broad Street Automotive, Inc.; and Michael Masi (collectively, the "Defendants"), and allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1.   Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.   Plaintiffs further allege that, pursuant to the New York Labor Law "NYLL", they are entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for each day they worked in excess of ten (10) hours; (3) damages for failure to give required notices and wage statements; (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

3. In addition to seeking recovery for the Plaintiffs, this lawsuit also seeks to recover minimum wage, overtime compensation, spread-of-hours pay, and statutory penalties for similarly situated employees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6. Plaintiff Morocho is a resident of Port Chester, New York.

7. Plaintiff Zambrano is a resident of Stamford, Connecticut.

8. Plaintiff Estrada is a resident of Greenwich, Connecticut.

9. Island Park Auto Body (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, with a New York Department of State address for process listed as 29 New Broad St., Port Chester, NY 10573.

10. Upon information and belief, Defendant Michael Masi (the "Individual Defendant") is residing in 47 Gary Road, Stamford, CT 06903.

11. Upon information and belief the Individual Defendant is the owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendants.

12. The Individual Defendant actively participates in the day-to-day operations of each of the Corporate Defendants and acted intentionally and maliciously and is an employer

pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

13. Defendants run a mechanic automobile body shop in the State of New York.

14. Upon information and belief, the auto body shop is centrally controlled and/or owned by the Individual Defendant.

15. Upon information and belief, the Individual Defendant has had control over and the power to change compensation practices for all employees, determine employee policies for employees, including, but not limited to, time-keeping, payroll policies, and any other policies regarding the employees.

16. Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendants are and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA in that Defendants (i) have and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and had an annual gross volume of sales of not less than $500,000.

17. Defendants continuously employed Plaintiffs to work as non-exempt employees.

18. Throughout the employment, Plaintiffs worked at the location of the auto body shop at 29 New Broad St., Port Chester, NY 10573.

19. The work performed by Plaintiffs was essential to the businesses operated by Defendants.

20. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's minimum wage requirements.

21. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

22. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

23. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

24. All Plaintiffs performed substantially similar duties of working in an auto body shop that Defendants own and operate.

25. Plaintiffs at all relevant times were covered employees within the meaning of the FLSA and NYLL.

26. Plaintiff Morocho was employed by Defendants from 2002 to about February 2020. During this time, he worked at 29 New Broad St., Port Chester, New York.

27. Plaintiff Morocho's regular work schedule was 6 days per week, Monday to Saturday. His hours were, on weekdays, from 8am to 6pm and sometimes until 7pm or later; and on Saturdays from and 8am to 1pm.

28. Plaintiff Morocho was always compensated in cash at a weekly rate regardless of actual hours worked. When he was hired in 2002 his weekly rate was $300 a week, it was then raised to $500 a week on or about 2007, and then finally raised to $720 a week in 2016 until he was terminated in February 2020.

29. Plaintiff Zambrano was employed by Defendants from 2000 until on or about January 20, 2020. During this time, he worked at 29 New Broad St., Port Chester, New York.

30. Plaintiff Zambrano's regular work schedule was 6 days per week, Monday to Saturday. His hours were, on weekdays, from 8am to 6pm and sometimes until 7pm or later; and on Saturdays from and 8am to 1pm.

31. Plaintiff Zambrano was compensated in cash and in check at a rate of $650 per week regardless of actual hours worked. He was paid $450 in check and $200 in cash.

32. Plaintiff Estrada was employed by Defendants from on or about May of 2008 until February of 2020. During this time, he worked at 29 New Broad St., Port Chester, New York.

33. Plaintiff Estrada's regular work schedule was 6 days per week, Monday to Saturday. His hours were, on weekdays, from 8am to 6pm and sometimes until 7pm or later; and on Saturdays from and 8am to 1pm.

34. Plaintiff Estrada was compensated in cash and in check at a rate between $480-$530 per week. His payments would vary depending on the hours he worked. He would consistently receive $350 a week by check, and also receive somewhere between $130 and $180 in cash depending on the number of hours worked. The Defendants never informed Plaintiff Zambrano about his hourly rate.

35. At no point did Defendants inform Plaintiffs of the minimum wage or overtime provisions of the FLSA or the NYLL.

36. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

37. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

38. Defendants did not furnish Plaintiffs with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

39. Defendants failed to display, in a place accessible to employees and in a visually conspicuous manner, the notices of employee rights to receive the minimum wage and overtime pay at a rate of one and one-half times their regular rate as required under the New York Labor Law.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Overtime Pay

40. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

41. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

42. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

44.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

45.     Plaintiffs were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

46.     Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

47.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

48.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiffs.

49.     Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

50.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

51.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

52.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs suffered

damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

53. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay**

54. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

55. Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

56. Defendants knowingly and willfully violated the rights of Plaintiffs by failing to pay Plaintiffs the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

57. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.

58. Defendants knowingly and willfully violated the rights of Plaintiffs by failing to pay "spread of hours" premium to Plaintiffs for each day they worked in excess of ten (10) hours.

59. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

60. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations.

61. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

62. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations.

63. At the time of their hiring, Defendants failed to notify Plaintiffs of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

64. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

65. Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

**COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements**

66. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

67. Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs as

their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

68. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

69. Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

70. Through their knowing or intentional failure to provide Plaintiffs with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

71. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

72. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, Galo Morocho, Jose Estrada, and Luis Zambrano respectfully request that this Court grant the following relief:

i. An award for unpaid overtime compensation due under the FLSA and New York Labor Law;
ii. An award of unpaid minimum wage under the New York Labor Law;
iii. An award of unpaid "spread of hours" premium due under the New York Labor Law;
iv. An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;
v. An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;
vi. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;
vii. An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL
viii. An award of prejudgment and post-judgment interest;
ix. An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and
x. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
    September 17, 2020            **LAW OFFICE OF MOHAMMED GANGAT**

- 20 -

By: _____
Mohammed Gangat, Esq.
675 3rd Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiffs*